IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **BRENDA L. OSORIO LOZADA**<br><br>    **Plaintiff**<br><br>        v.<br><br>**FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of RG Premier Bank**<br><br>    **Defendant** | **CIVIL NO.** 10-1644 (JAG) |

**OPINION AND ORDER**

GARCIA-GREGORY, D.J.

Pending before the Court is the Federal Deposit Insurance Corporation's, as Receiver of RG Premier Bank, Motion to Dismiss. (Docket No. 8). For the reasons set forth below, the Court hereby **GRANTS** the motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Office of the Commissioner of Financial Institution of the Commonwealth of Puerto Rico ("Commissioner") closed RG Premier Bank on April 30, 2010. As it is required by law, the Commissioner appointed the Federal Deposit Insurance Corporation ("FDIC") as receiver of the failed bank.

On June 23, 2010, due to a suit filed by Brenda L. Osorio Lozada ("Plaintiff") at the Puerto Rico Court of First Instance against RG Premier Bank, the FDIC sent a letter of notice

through Plaintiff's counsel of record in said case. The letter informed Plaintiff of her right to file an administrative claim before the FDIC. It also indicated that such claim had to be submitted on or before August 4, 2010.

On July 12, 2010, the FDIC removed the case from the state court to this Court. (Docket No. 1). After nine months without any activity in the case, the Court ordered Plaintiff to show cause as to why the case should not be dismissed for failure to prosecute. (Docket No. 3). Plaintiff failed to show cause.

On May 17, 2011, the FDIC filed a Motion to Dismiss. (Docket No. 8). It posits that the District Court lacks subject-matter jurisdiction because Plaintiff did not exhaust the mandatory administrative process. Specifically, it argues that the Plaintiff was properly notified by the FDIC and that she did not file a claim by August 4, 2010, the Claim Bar Date. Plaintiff did not oppose the FDIC's Motion to Dismiss.

**ANALYSIS**

The Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), Pub. L. No. 101-73, 103 Stat. 183 §§ 101-1404, established the FDIC as the authority, as conservator or receiver, "which will succeed to all rights, titles, powers, and privileges of the insured depository institution." 12 U.S.C. § 1821(d)(2)(A). In order for the FDIC to evaluate and determine claims against a failed institution, efficiently and

effectively, FIRREA established a mandatory administrative claim process, which shall be exhausted by every claimant.

The FDIC has to notify the claimant of the failed depository institution's "changing of the guard." Once the appropriate governmental entity (in the case of Puerto Rico, the Office of the Commissioner of Financial Institutions of the Commonwealth of Puerto Rico) appoints the FDIC as receiver of the failed bank, it has to publish a notice to the depository institution's claimants of their obligation to present their claims by a specific date in order to liquidate or conclude all pending affairs. The bar date must be at least ninety days after said notice. It has to be republished approximately one and two months, respectively, after the first publication. 12 U.S.C. § 1821(d)(3)(B). Simultaneous to the first publication, the FDIC has to mail a similar notice to any claimant shown on the failed institution's books; or within thirty days after the name and address of a claimant not appearing on the institution's books is known. 12 U.S.C. § 1821(d)(3)(C). Failure to mail the notice, however, will not exempt the claimant form exhausting the administrative process. The statute does not provide a waiver or exception if the notice is not mailed. Freeman v. FDIC, 56 F.3d 1394 (D.C. Cir. 1995); Accord v. FDIC, 45 F.3d 1278 (9th Cir. 1994); Melieze v. RTC, 952 F.2d 879 (5th Cir. 1992).

The determination of whether to allow or disallow the claim will be deemed satisfied once it is mailed to the last address of the claimant. The address can be found on the depository institution's books, the claim filed by the claimant, or documents submitted as proof of the claim. 12 U.S.C. § 1821(d)(5)(A)(iii). If the claim is disallowed, the notice has to include a statement of each reason for the disallowance and the procedure available for obtaining an administrative or judicial review of the determination to disallow the claim. 12 U.S.C. § 1821(d)(5)(A)(iii).

Due to the administrative process requirements prescribed by FIRREA, a judicial bar has been imposed on "any claim that seeks payment, or determination of rights from the assets of the failed institution, for which the corporation has been named receiver, if said process is not completed." 12 U.S.C. § 1821(d)(13)(D). Loyd v. FDIC, 22 F.3d 335 (1st Cir. 1994); Marquis v. FDIC, 965 F.2d 1148, 1153 (1st Cir. 1992).

Because of subsection 1821(d)(13)(D), any claimant, who does not exhaust the administrative process, will lose her or his right to continue any claim against the failed institution's assets in any court. The First Circuit explained in Marquis that this jurisdictional bar applies to three distinct kinds of claims or actions: "[1] all claims seeking payment from the assets of the affected institutions; [2] all suits seeking

satisfaction from those assets; and [3] all actions for the determination of rights vis-a-vis those assets." Id. at 1152.

Multiple circuits have also decided, due to the controversy surrounding the interpretation of subsection 1821(d)(5)(F)(ii), that even if the claim was commenced before the appointment of the receiver, claimants would have to exhaust the administrative process. It has been decided that, in order to fulfill Congress's intentions of ensuring all claims be expeditiously and effectively managed by the FDIC, pre-receiver claims would also have to exhaust the administrative process. These claims will be suspended, not dismissed, until the administrative process is exhausted. See Brady v. RTC, 14 F.3d 998 (4th Cir. 1994) ("[p]ermitting this action to go forward would thwart FIRREA's purpose and permit [claimant] to evade the comprehensive administrative claims procedures envisioned by the statute."); RTC v. Mustang Partners, 946 F.2d 103, 106 (10th Cir. 1991) ("No interpretation is possible which would excuse this requirement for [claimants] with suits pending, or allow the filing of a suit to substitute for the claim process.").

An exception exists regarding a claimant's obligation to exhaust these strict administrative requirements. The statute indicates that the exception will only apply if the claimant "did not receive notice of the facts of the appointment of the receiver." 12 U.S.C. § 1821(d)(5)(C)(ii) This exception does not

apply to claimants who are aware of the appointment of a receiver but who do not receive notice of the filing deadline. RTC v. Haith, 133 F.3d 574 (8th Cir. 1998)(citing Reierson v. RTC, 16 F.3d 889, 891-92 (8th Cir. 1994)). As long as the claimants are aware of the appointment of the receiver, through personal knowledge or through a representative, the requirements of 12 U.S.C. § 1821(d)(3)(B) will be satisfied. Reierson v. RTC, 16 F.3d 889 (8th Cir. 1994).

Plaintiff has clearly failed to both prosecute her case and to complete the mandatory administrative claim. The court considers that there is no reason to find that Plaintiff did not have knowledge of the FDIC's appointment. Once the FDIC was appointed receiver of RG Premiere Bank, it sent Plaintiff a written notice through her counsel of record. A statement under penalty of perjury by Rita F. Entsminger, resolution and receivership specialist/claims agent for the FDIC in charge of overseeing the receivership claims process for RG Premier Bank, states that the notice was sent Plaintiff. (Docket No. 23-1). A certified mail receipt was also submitted by the FDIC to demonstrate it was received.

Therefore, given that Plaintiff failed to timely exhaust the mandatory claims process prescribed by 12 U.S.C. §

1821(d)(13)(D), the Court finds that it lacks subject-matter jurisdiction to entertain the case at bar.[1]

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is hereby **GRANTED**. The case shall be dismissed with prejudice and judgment entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 6th day of June, 2011.

S/ Jay A. García-Gregory
JAY A. GARCÍA-GREGORY
United States District Judge

---

[1] It must also be noted that Plaintiff failed to show cause as to why her case should not be dismissed for lack of prosecution.